# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2005V

| | |
|---|---|
| CORISSA PRESCOTT, also known as CORISSA ALVARADO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2025 |

*Robin J. Marzella*, R.J. Marzella & Associates, P.C., Harrisburg, PA, for Petitioner.

*Dorian Hurley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 12, 2021, Corissa Prescott filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of receiving an influenza vaccination on October 16, 2018. Petition, ECF No. 1. On October 18, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 76.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,032.95 (representing $21,487.50 in fees plus $1,545.45 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 15, 2025. ECF No. 79. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 79 at 22.

Respondent reacted to the Fees Motion on April 28, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 80. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. Petitioner requests that I apply the following rates for her attorney Charles Marsar: $425.00 for 2019-21 and $450 for 2022. Petitioner also requests the rates of $500.00 for 2022 and $525.00 for 2023-24 work performed by attorney Robin Marzella. And the rate of $200.00 for attorney Bob Cunningham's work in the 2023-24 period. For paralegal work performed in this matter, Petitioner requests rates ranging between $150-175.00 for time billed in the 2019-23 timeframe. I find these rates reasonable and shall be awarded. And all time billed to the matter was reasonably incurred.

I have also reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. ECF No. 79 at 19-22.[3] Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-78 (emphasis added).[4]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report along with a medical records charge of $49.84 that appears to be substantiated by invoice at ECF No. 74-1 at 3. But I disallow reimbursement for all other

---

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

2

unsubstantiated costs. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $1,093.61.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $21,939.34 (representing $21,487.50 in fees plus $451.84 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.